UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
DWAYNE M. REID,

                Plaintiff,

    -against-

NASSAU COUNTY SHERIFF'S
DEPARTMENT, SHERIFF SPOSATO,
Individually and in his Official Capacity
as Sheriff of Nassau County, JOHN
DOE, Superintendent of Nassau County
Jails,

                Defendants.
----------------------------------------------------X
KEVIN LEE BENLOSS,

                Plaintiff,

    -against-

SERGEANT KRUEGER, Shield #52,
Administrative Seg. Unit, NASSAU
COUNTY SHERIFF'S DEPARTMENT,
SHERIFF OF NASSAU COUNTY
DEPARTMENT, CAPTAIN FORD,
Chief Administrative Officer,

                Defendants.
----------------------------------------------------X
NELSON HERRERA,

                Plaintiff,

    -against-

NASSAU COUNTY SHERIFF'S
DEPARTMENT CORRECTIONAL
CENTER,

                Defendant.
----------------------------------------------------X

ORDER
13-CV-1192 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 20 2013 ★
LONG ISLAND OFFICE

13-CV-1316 (SJF)(WDW)

13-CV-1637 (SJF)(WDW)

----------------------------------------------------X
JOVANY HENRIUS,

   Plaintiff,

 -against-              13-CV-2349 (SJF)(WDW)

THE COUNTY OF NASSAU AND
MICHAEL SPOSATO, Individually and
in his Official Capacity as Sheriff,

   Defendants.
----------------------------------------------------X
DAQUAN WAGNER,

   Plaintiff,

 -against-              13-CV-2460 (SJF)(WDW)

NASSAU COUNTY SHERIFF'S
DEPT. AND SHERIFF SPOSATO,
Individually and in his Official Capacity
as Sheriff of Nassau County,

   Defendants.
----------------------------------------------------X
ABIGAIL TORRES,

   Plaintiff,

 -against-              13-CV-2600 (SJF)(WDW)

THE COUNTY OF NASSAU AND
MICHAEL SPOSATO, as Sheriff of
Nassau County,

   Defendants.
----------------------------------------------------X
CHRISTIAN DELOSRIOS,

   Plaintiff,

 -against-              13-CV-2601 (SJF)(WDW)

THE COUNTY OF NASSAU AND
MICHAEL SPOSATO, as Sheriff of
Nassau County,

   Defendants.
----------------------------------------------------X

------------------------------------------------------X
FERNANDO CAZARES,

        Plaintiff,

  -against-                                    13-CV-2604 (SJF)(WDW)

THE COUNTY OF NASSAU AND
MICHAEL SPOSATO, Individually and
in his Official Capacity as Sheriff of
Nassau County,

        Defendants.
------------------------------------------------------X
MONTAVIOUS JACKSON,

        Plaintiff,

  -against-                                    13-CV-2608 (SJF)(WDW)

THE COUNTY OF NASSAU AND
MICHAEL SPOSATO, as Sheriff of
Nassau County,

        Defendants.
------------------------------------------------------X
JOHANS CABRERA,

        Plaintiff,

  -against-                                    13-CV-2610 (SJF)(WDW)

THE COUNTY OF NASSAU AND
MICHAEL SPOSATO, as Sheriff,

        Defendants.
------------------------------------------------------X
GUILLERMO TORRES,

        Plaintiff,

  -against-                                    13-CV-2627 (SJF)(WDW)

THE COUNTY OF NASSAU AND
MICHAEL SPOSATO, as Sheriff of
Nassau County,

        Defendants.
------------------------------------------------------X

FEUERSTEIN, District Judge:

Pursuant to a February 13, 2012 Order in *Anderson, et al. v. Sposato, et al.*, 11-CV-5663 (SJF)(WDW) ("the *Anderson* case"), over one hundred (100) separate *pro se* complaints brought pursuant to 42 U.S.C. § 1983 ("Section 1983") challenging the prison conditions allegedly existing at the Nassau County Correctional Center ("NCCC") have been consolidated. By Order dated February 11, 2013, the Court entered a scheduling order ("the Scheduling Order") governing discovery, motion practice and the trial in the *Anderson* case. The eleven (11) above-captioned *pro se* complaints were filed in this Court near or after the expiration of several discovery deadlines set forth in the Scheduling Order, all of which are accompanied by applications to proceed *in forma pauperis*. Like the complaints in the *Anderson* case, the above-captioned complaints are brought pursuant to Section 1983 and challenge similar prison conditions allegedly existing at the NCCC. Since the financial status of the above-captioned plaintiffs, as set forth in their declarations in support of their applications to proceed *in forma pauperis*, qualifies them to commence their respective actions without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the above-captioned plaintiffs' applications to proceed *in forma pauperis* are granted.

I.  Consolidation of Actions

As noted above, the instant complaints allege the existence of unhealthy, unsanitary and/or hazardous conditions at the NCCC. Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: * * * consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." See Devlin v. Transportation Communications Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999). District courts have broad discretion to determine whether consolidation is appropriate, see Johnson v. Celotex

4

Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990), and may consolidate actions under Rule 42(a) *sua sponte*. See Devlin, 175 F.3d at 130. Consolidation "should be prudently employed as a valuable and important tool of judicial administration, * * *, invoked to expedite trial and eliminate unnecessary repetition and confusion." Devlin, 175 F.3d at 130 (internal quotations and citations omitted). Nonetheless, although considerations of judicial economy generally favor consolidation, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Johnson, 899 F.2d at 1285; see also Devlin, 175 F.3d at 130 ("[E]fficiency cannot be permitted to prevail at the expense of justice * * *.") In determining whether consolidation is appropriate, the court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285 (internal quotations and citations omitted).

All eleven (11) of the above-captioned actions were recently filed, have not yet proceeded to discovery and allege similar unsanitary and hazardous conditions existing at the NCCC, and there will be minimal, if any, prejudice or confusion to the parties in consolidating these actions. Therefore, in the interests of judicial economy and efficiency, and to minimize the expense and burden on all parties in prosecuting and defending multiple lawsuits, the eleven (11) above-captioned actions are consolidated for all pretrial purposes and for trial, which will be bifurcated on the issue of liability and damages, with leave for any party to seek to sever the actions for the purpose of any trial on the issue of damages **within ten (10) days following the close of discovery in this consolidated action.** The actions will henceforth proceed under docket number 13-cv-1192 (the "lead case"), all papers filed in these actions shall henceforth bear only the lead case docket number, the caption of this consolidated action shall be amended in accordance with this Order and the

5

actions assigned docket numbers other than the lead docket number shall be administratively closed with leave to reopen for the purpose of any trial on the issue of damages.

II. Conclusion

For the foregoing reasons, it is hereby:

ORDERED that plaintiffs' respective applications to proceed *in forma pauperis* are granted; and it is further,

ORDERED that the eleven (11) above-captioned actions are consolidated for all purposes, including trial, to proceed under docket number 13-cv-1192 ("the consolidated action"), with leave to move to sever the actions for the purpose of any trial on the issue of damages **within ten (10) days following the close of discovery in this consolidated action**; and it is further,

ORDERED that the Clerk of Court shall: (1) amend the caption of the lead case in accordance with this Order, (2) administratively close the actions assigned docket numbers other than the lead docket number, with leave to reopen as set forth herein and (3) forward to the United States Marshal for the Eastern District of New York copies of the summonses, complaints, and this order for service upon all named defendants without prepayment of the filing fee; and it is further,

ORDERED that when any *pro se* action relating to the subject matter of this consolidated action or the *Anderson* case is hereafter filed in this Court, the Clerk of the Court shall: (1) assign such action a new case number ("newly-filed action") to proceed before the undersigned and Magistrate Judge William D. Wall;[1] (2) docket this order in each newly-filed action; (3) consolidate

---

[1] The actions consolidated herein, and any newly-filed action hereunder, are deemed "related" only to the extent that they relate to the subject matter of this consolidated action or the *Anderson* case. Any future civil action commenced by any of the *pro se* plaintiffs in this consolidated action and any newly-filed action hereunder shall not be deemed "related" within the meaning of Local Civil Rule 50.3.1(e)(2) and, thus, shall not be automatically assigned to the undersigned unless such plaintiff has filed an action unrelated to the subject matter of this consolidated action that was previously

6

each newly-filed action with this consolidated action and make an appropriate entry on the consolidated action's docket so indicating; (4) mail a copy of this order to the plaintiff in the newly-filed action and so indicate on the consolidated action's docket; and (5) administratively close each newly-filed action; and it is further,

ORDERED that any party to a newly-filed action, *i.e.*, the plaintiff filing the newly-filed action and any named defendant therein, may move to sever any claim raised in such newly-filed action that was not raised in the eleven (11) above-captioned actions or in the *Anderson* case **within thirty (30) days after the Clerk of the Court mails the plaintiff filing the newly-filed action a copy of this order**, or they will be deemed to have waived their right to seek severance, except as otherwise provided herein, *i.e.*, for trial on the issue of damages. Any plaintiff of a newly-filed action with a severed claim may proceed with such claim after the resolution of this consolidated action by moving to have the newly-filed action reopened **within thirty (30) days of the entry of judgment in this consolidated action**, or the severed claim will be deemed voluntarily withdrawn; and it is further,

ORDERED that the United States Marshal Service shall serve the summonses and complaints, together with a copy of this order, upon defendants without prepayment of the filing fee; and it is further,

ORDERED that pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to each plaintiff's

---

assigned to me. Rather, any such future actions shall be either randomly assigned or automatically assigned to the district judge who presided over any prior action filed by such plaintiff.

7

address of record pursuant to Rule 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

*s/ Sandra J. Feuerstein*

Sandra J. Feuerstein
United States District Judge

Dated:     May 20, 2013
           Central Islip, New York

8